[Dkt. No. 17]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NEUROMONITORING TECHNOLOGIES, INC., ROBERT PERRO, and DAVID J. NIEDZWIADEK, as Administrator of the Estate of Margaret Mary Niedzwiadek,<br><br>Defendants. | Civil No. 18-11497(RMB/KMW)<br><br>**OPINION** |

APPEARANCES:

FISHERBROYLES, LLP
By: Joseph Schramm, Esq.
100 Overlook Center, Second Floor
Princeton, New Jersey 08540
    Counsel for Plaintiff Evanston Insurance Company

LOSS, JUDGE & WARD, LLP
By: Sean M. Hanifin, Esq.; Jason C. Reichlyn, Esq.
Hamilton Square
600 14th Street NW, Suite 450
Washington, D.C. 20005
    Counsel for Plaintiff Evanston Insurance Company

FOWLER HIRTZEL MCNULTY & SPAULDING LLP
By: Dennis Chow, Esq.
2000 Market Street, Suite 550
Philadelphia, Pennsylvania 19103
    Counsel for Defendant Neuromonitoring Technologies, Inc.

**RENÉE MARIE BUMB**, UNITED STATES DISTRICT JUDGE:

In this action, Plaintiff Evanston Insurance Company ("Evanston") seeks a judicial declaration that Evanston has no duty to defend or indemnify Defendant Neuromonitoring Technologies, Inc. ("NMT") in the underlying medical malpractice lawsuit filed in the Superior Court of New Jersey, Atlantic County, on October 20, 2015, captioned <u>Niedzwiadek v. Droney, et al.</u>, Case No. L-000094-16 (the "Underlying Lawsuit"). Now, this matter comes before the Court upon a Motion to Dismiss [Dkt. No. 17], filed by NMT pursuant to Fed. R. Civ. P. 12(b)(1), asking the Court to decline to exercise its discretionary jurisdiction over this case under the Declaratory Judgment Act (the "DJA"), 28 U.S.C. § 2201, <u>et seq</u>. For the reasons set forth herein, the Court shall exercise its discretionary jurisdiction over this matter. Accordingly, NMT's Motion to Dismiss will be **DENIED**, without prejudice.

I.  **FACTUAL BACKGROUND**

This matter arises out of a dispute over malpractice indemnity and defense coverage in relation to the Underlying Lawsuit. As alleged in the Underlying Lawsuit, Margaret Mary Niedzwiadek (the "Patient") underwent a surgical procedure on October 22, 2013. During that procedure, Robert Perro, an employee of NMT, monitored the Patient's Somatosensory Evoked Potentials ("SEPs"), but allegedly failed to communicate the

2

suboptimal quality of SEP signals to the spinal surgeon or to the orthopedic surgeon. In the Underlying Lawsuit, it is alleged that as a result of Mr. Perro's actions, the Patient never awoke from surgery and, ultimately, died on December 5, 2013. On October 20, 2015, Defendant David J. Niedzwiadek, as Administrator of the Patient's Estate, commenced the Underlying Lawsuit against Mr. Perro, NMT, and others. Although Evanston was not named as a defendant in the Underlying Lawsuit, Evanston has been providing a defense to Mr. Perro and NMT in that case, pursuant to a Medical Professional Liability Insurance Policy (the "Policy").

For reasons unclear to the Court, Evanston did not file this action until July 20, 2018, almost three years after the Underlying Lawsuit was commenced. Evanston's Complaint asks the Court to grant a declaratory judgment pursuant to the DJA, relieving Evanston of its duty to defend or indemnify NMT under the Policy, based on NMT's alleged misrepresentations to Evanston at the time NMT applied for the Policy. Specifically, Evanston notes that, in both 2014 and 2015, NMT's President, Richard Mathabel, answered "no" to the question, "[a]re you aware of any circumstances which may result in a malpractice claim or suit being made or brought against you or any of your employees?" However, Evanston alleges that, during the pendency of the Underlying Lawsuit, it received documentation establishing that NMT terminated Mr. Perro's employment, less than 24 hours after

the Patient's surgery, for "gross negligence" and "willful misconduct" in relation to his actions during the Patient's procedure. Evanston argues that NMT's answers on the Policy applications were misrepresentations because, given the circumstances of the Patient's procedure and Mr. Perro's swift termination, "any reasonable person in NMT's ... position would have concluded that an ensuing claim was highly likely." Compl., at ¶ 55.

II. **LEGAL STANDARD**

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1) at any time during the course of litigation. Fed.R.Civ.P. 12(b)(1); <u>Iwanowa v. Ford Motor Co.</u>, 67 F.Supp.2d 424, 437-38 (D.N.J. 1999). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." <u>Common Cause of Pa. v. Pa.</u>, 558 F.3d 249, 257 (3d Cir. 2009) (internal citation and quotation omitted). "A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because ... it does not present a question of federal law, or because ... some other jurisdictional defect is present." <u>Constitution Party of Pa. v. Aichele</u>, 757 F.3d 347, 358 (3d Cir. 2014).

When reviewing a facial attack, as it appears that NMT asserts in this Motion to Dismiss, a "court must only consider the

4

allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). A court, upon reviewing a facial attack, may dismiss the complaint "only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." Iwanowa, 67 F.Supp.2d at 438.

Factual attacks, in contrast, argue that subject matter jurisdiction is improper "because the facts of the case ... do not support the asserted jurisdiction." Aichele, 757 F.3d at 358. The presumption of truth does not extend to factual attacks, "and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Courts are permitted, however, to weigh and consider evidence "outside the pleadings" to decide whether subject matter jurisdiction is proper. Aichele, 757 F.3d at 358 (internal citation and quotation omitted). A court, upon reviewing the merits of the jurisdiction claims, may consider, for example, affidavits, depositions, and testimony to evaluate "factual issues bearing on jurisdiction." Iwanowa, 67 F.Supp.2d at 438. Based upon its review of that evidence, a court may make factual findings, beyond the pleadings, to determine whether jurisdiction is proper. See, e.g., CNA v. United States, 535 F.3d 132, 145 (3d Cir. 2008).

**III. <u>ANALYSIS</u>**

In the Motion to Dismiss, NMT argues that this Court should decline to exercise its discretionary jurisdiction under the DJA and dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).[1]

The DJA provides a remedy that may be used by the federal courts in appropriate circumstances. This statute provides in relevant part that federal courts "<u>may</u> declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). "Granting a declaratory judgment is therefore discretionary and a court may abstain from entertaining an action seeking only declaratory relief." <u>Kelly v. Maxum Specialty Ins. Grp.</u>, 868 F.3d 274, 281 (3d Cir. 2017)

In determining whether to exercise jurisdiction over a controversy under the DJA, the Third Circuit has directed district courts to "weigh certain enumerated and other factors bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for federal resolution." See <u>id.</u> at 282. First, the

---

[1] NMT never states whether its Motion to Dismiss constitutes a facial or factual challenge to jurisdiction under Rule 12(b)(1). However, NMT appears to assert a facial challenge, arguing that Third Circuit precedent weighs against this Court exercising jurisdiction, even if all the allegations in the Complaint are accepted as true. Regardless, the Court's analysis will address the Motion to Dismiss as if it asserts both facial and factual challenges to jurisdiction.

Court must determine whether there is a "parallel state proceeding." In Reifer, the Third Circuit noted that "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise." Reifer v. Westport Ins. Corp., 751 F.3d 129, 144 (3d Cir. 2014). The Third Circuit further advises that district courts should consider additional factors "as part of exercising sound and reasoned discretion" when evaluating whether to exercise or decline jurisdiction. See id. at 144-145.

**A. Parallel Proceedings**

To be considered parallel, there must be "substantial similarity in issues and parties" between the pending proceedings. Kelly, 868 F.3d at 284. However, the "mere potential or possibility that two proceedings will resolve related claims between the parties is not sufficient to make those proceedings parallel." Id. Instead, a parallel state proceeding is a pending matter "involving the same parties and presenting the opportunity for ventilation of the same state law issues." Id. (citing Wilton v. Seven Falls Co., 515 U.S. 277, 285 (1995)(emphasis added); see also State Auto Ins. Cos. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000)(describing parallel proceedings as one in which "the same issues are pending").

Evanston is not a defendant in the Underlying Lawsuit, and the questions of whether NMT made false statements in the Policy

7

applications (which it appears they may have) and whether those misrepresentations would nullify Evanston's duty to indemnify and defend,[2] are distinct issues from whether NMT and Mr. Perro are liable for malpractice. In Kelly, the Third Circuit held that issues involved in separate state and federal lawsuits – the extent of a company's liability to the injured persons and the extent of coverage owed by the insurer to the company, respectively – were distinct, and not parallel. See Kelly, 868 F.3d at 287 ("The issue of coverage is not necessary to the resolution of the state action"). Likewise, the two related proceedings here are not parallel. Therefore, this Court assumes jurisdiction is appropriate unless opposing factors weigh against exercising jurisdiction.

### B. The Reifer Factors

In Reifer, the Third Circuit laid out additional factors for district courts to consider when evaluating whether to exercise jurisdiction over a case under the DJA, even where no parallel proceedings exist. The factors are as follows:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

---

[2] Notably, NMT's Motion to Dismiss does not address the allegedly false statements made in the Policy applications. Although NMT is not required to address the issue at this point, NMT's choice to avoid the issue entirely is somewhat telling.

8

(2) the convenience of the parties;

(3) the public interest in settlement of the uncertainty of obligation;

(4) the availability and relative convenience of other remedies;

(5) a general policy of restraint when the same issues are pending in a state court;

(6) avoidance of duplicative litigation;

(7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and

(8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

Reifer, 751 F.3d at 146 (citing Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, and Summy, 234 F.3d at 134).

As to the first Reifer factor, a decision in this action will resolve the uncertainty regarding Evanston's obligation to defend and indemnify NMT, and therefore weighs in favor of exercising jurisdiction. See Kelly, 868 F.3d at 288 (holding that "a declaratory judgment by the District Court would resolve the uncertainty that prompted filing of the Declaratory Action").

The second Reifer factor is neutral, because although neither Evanston nor NMT are citizens of New Jersey, the Court sees no reason why litigating in the District of New Jersey would be any more or less convenient than litigating in state court in New Jersey.

The third factor is also neutral because there is not any public interest at stake other than the usual interests in fair adjudication, which this Court is well-equipped to address. See Reifer, 751 F.3d at 147 ("federal and state courts are equally capable of applying settled state law to a difficult set of facts." (quoting Heritage Farms Inc. v. Solebury Twp., 671 F.2d 743, 747 (3d Cir. 1982)).

Fourth, Evanston is not a party in the state action and even if it could seek declaratory relief in the state court, to do so now would require the filing of a new action. See Nationwide Prop. & Cas. Ins. Co. v. Zatyko, 2016 WL 6804436, at *4 (E.D. Pa. Nov. 16, 2016)(determining that the fourth Reifer factor either weighed in favor of exercising jurisdiction or was neutral because even though the parties could seek declaratory relief in state court, they would be required the commence a new action in state court).

As to the fifth and sixth factors, the issues in this matter are distinct from those pending in state court, meaning that this litigation will not be duplicative. Although NMT argues that this Court's jurisdiction over the case will lead to a duplication of

effort because the reason for Mr. Perro's termination is the subject of discovery in the Underlying Lawsuit, that is not the key issue in this proceeding.[3] Rather, this case will likely focus on NMT's degree of knowledge about the potential for a medical malpractice claim at the time of the Policy applications and the materiality of the alleged misrepresentations.

The seventh factor is inapplicable, as there is no concern with preventing the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata.

Eighth, although Evanston has been providing a defense for NMT and Mr. Perro, Evanston is not a party in the Underlying Lawsuit. Regardless, any inherent conflict of interest between Evanston's position in this declaratory judgment action and what might be raised in the Underlying Lawsuit would be the same regardless of whether the insurance coverage dispute is litigated in state or federal court. See Foremost Ins. Co. v. Nosam, LLC, 2018 WL 417035, at *3 (E.D. Pa. Jan. 12, 2018) and Homesite Ins. Co. v. Neary, 2017 WL 5172294, at *3-4 (E.D. Pa. Nov. 8, 2017) (finding the eighth Reifer factor neutral for this reason).

---

[3] Indeed, based on the documents attached to the Complaint, it appears that NMT has already made sworn statements in unemployment compensation proceedings admitting that Mr. Perro was terminated for gross negligence during the Patient's procedure.

## IV. CONCLUSION

After finding that no parallel proceedings exist and balancing the Reifer factors, this Court will exercise jurisdiction over the case, as permitted under the DJA. At this juncture, Evanston has satisfied its burden of proof that this Court's jurisdiction is proper. In the unlikely event that the discovery process reveals that the same exact issues are at dispute in this case and the Underlying Lawsuit, and that the efforts in this matter are substantially duplicative, the Court will not preclude NMT from raising this motion again at a later point. For the foregoing reasons, NMT's Motions to Dismiss will be **DENIED** without prejudice. An appropriate Order shall issue on this date.

DATED: April 30, 2019

                                          s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          UNITED STATES DISTRICT JUDGE